UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DE'VON L. WALKER**,

                Plaintiff,

v.                                           **Case No. 14-cv-1504-pp**

**WAUPUN CORRECTIONAL INSTITUTION,
WILLIAM POLLARD,
KYLE K. TRITT,
JESSIE J. SCHNEIDER,
MICHAEL J. VANDERBUSH,
LINDSEY JANSEN,
TIMOTHY J. BAUMANN,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
ANNE SLINGER, and
BELINDA SCHRUBBE,**

                Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was incarcerated at Waupun Correctional Institution (Waupun). The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and for screening of the plaintiff's complaint.

**I.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee,

as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On December 5, 2014, the court assessed an initial partial filing fee of $5.08, which it ordered the plaintiff to pay by December 31, 2014. Dkt. No. 6. On February 12, 2015, after the court had issued an Order to Show Cause requiring to plaintiff to show cause why he had not paid the fee by that date, the plaintiff paid the fee. Accordingly, the court grants the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

**II.    SCREENING OF PLAINTIFF'S COMPLAINT**

   A.    Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous

2

where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that,

3

because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Complaint

According to the plaintiff's sworn complaint, he fainted three times within two months in early 2014.[1] Dkt. No. 1, p. 5. On January 2, 2014, the plaintiff asked defendant John Doe 1, a correctional officer at Waupun, several times for medical assistance through the medical emergency intercom. Id. at 5, 7. Nevertheless, medical staff were not summoned and did not come. Id. at 6.

---

[1] The plaintiff refers to these incidents as "syncope episodes," which is the medical term for a brief loss of consciousness due to reduced blood flow to the brain. Vasovagal Syncope, THE MAYO CLINIC, http://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/basics/definition/con-20026900 (last visited July 8, 2015).

4

The plaintiff received no assistance at all until after he had fainted, fallen, and sustained an injury. Id. at 7-8.

Defendant John Doe 2, another correctional officer at Waupun, was supposed to make rounds every 30 minutes on a route that included the plaintiff's cell. Id. at 8. He was also the officer assigned to the range where the plaintiff was housed. Id. Defendant John Doe 3 was the sergeant on the segregation unit when this first incident occurred. Id. The plaintiff also notes that defendant Jessie Schneider was the supervising officer of the segregation unit where the plaintiff was housed. Id.

After the first episode, defendant nurse Anne Slinger conducted a medical evaluation of the plaintiff. Id. at 8. According to the plaintiff, she did only the bare minimum. Id. After Slinger took the plaintiff's vital signs and made a notation of the injury sustained in his medical file, she immediately sent the plaintiff back to his previous segregation housing. Id. She ordered no further medical treatment or monitoring, even after the plaintiff told Slinger that he was still dizzy and lightheaded and not feeling well. Id.

The second episode occurred later the same day, when second shift had taken over. Id. The plaintiff asked for assistance over the intercom, and defendant Lindsey Jansen answered the plaintiff's pleas. Id. Once again, medical staff were not summoned, and did not come until after the plaintiff had fainted, fallen, and sustained further injury. Id. This time, however, the plaintiff "was left in his own vomit and urine for upwards of an hour." Id. The plaintiff also had a second significant head contusion on his left side. Id. at 9.

5

Defendant Kyle K. Tritt was the supervising officer who responded to the second incident. Defendant Timothy J. Baumann was the officer on the range on second shift who was supposed to make a wellness check every 30 minutes. Defendant Michael Vanderbush was the sergeant on duty in the segregation unit when this second incident occurred, and Jessie Schneider remained the supervising officer of the segregation unit. Id.

On February 27, 2014, the plaintiff fainted again and fell from his top bunk. He fractured his left wrist and right fifth finger and severely dislocated his third finger. The plaintiff had suffered a similar fall two weeks earlier and had asked Slinger for a bottom bunk accommodation on February 13, 2014, but she denied his request. An outside provider also had recommended that the plaintiff be given a bottom bunk. Id.

The plaintiff argues that the defendants violated his Eighth Amendment rights and seeks declaratory and injunctive relief, including a transfer, as well as monetary damages.

C.   Legal Analysis of Alleged Facts

To state an Eighth Amendment claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)).

A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so

6

obvious that even a lay person would perceive the need for a doctor's attention." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 [7th Cir. 2005]).

The Supreme Court has held that to prove that a defendant acted with "deliberate indifference," a plaintiff must prove more than just negligence, but does not have to prove that the defendant acted with the purpose of harming the plaintiff or with knowledge that harm would result; it is the equivalent of acting recklessly. Farmer v. Brennan, 511 U.S. 825, 835-36 (1994).

The court finds that the plaintiff has alleged sufficient facts to show that he has a serious medical need. The question is whether each of the named defendants acted with deliberate indifference to that medical need. The court concludes that the plaintiff has alleged sufficient facts to proceed on a claim against Nurse Anne Slinger regarding the medical treatment she provided on January 2, 2014, and her decision not to place the plaintiff on a bottom bunk restriction. He also may proceed on claims against defendants John Doe 1, John Doe 2, John Doe 3, Lindsey Jansen, Kyle K. Tritt, Timothy J. Baumann, and Michael J. Vanderbush.

Under the law, however, §1983 defendants are responsible for "for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009). 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996), quoting the "long-

7

settled" rule stated in Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994).

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

Burks, 555 F.3d at 595.

Additionally, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992) ("Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates.") "The 'should have known' theory . . . is both legally deficient and inconsistent with the demands of effective administration." Id.

For these reasons, the court will not allow the plaintiff to proceed against Jessie J. Schneider. The plaintiff asserts only that Schneider was the supervising officer of the segregation unit, not that he was personally involved in any deprivation of the plaintiff's rights.

Similarly, the plaintiff identifies Belinda Schrubbe as the nursing supervisor, and suggests she counts "among the deniers of adequate and logical healthcare" because she is the Health Services Manager at Waupun. The plaintiff's complaint does not alleged that Schrubbe was personally

8

Case 2:14-cv-01504-PP   Filed 07/10/15   Page 8 of 11   Document 12

involved in the events he describes, and under §1983, she is not liable for the errors of her subordinates. See Pacelli, 972 F.2d at 877.

The plaintiff's complaint contains no allegations that William Pollard was personally involved in the events the plaintiff describes; again, if the plaintiff named him only because he was the supervisor at Waupun, that does not make him liable under §1983. See Vance, 97 F.3d at 991.

The last defendant is Waupun Correctional Institution itself, which is operated by the Wisconsin Department of Corrections, a state agency. "State agencies are not 'persons' for purposes of the Civil Rights Act." Toledo, Peoria & Wester R. Co. v. State of Ill. Dept. of Transp., 744 F.2d 1296, 1298 (7th Cir. 1984). For that reason, the court will dismiss Waupun Correctional Institution as a defendant.

Finally, the court notes that the plaintiff has made claims against several John Does. Once the defendants have filed an answer to the complaint, the court will issue a scheduling order setting deadlines for the identification of the Doe defendants, as well as for the completion of discovery and filing dispositive motions. The plaintiff will need to use the discovery process to discover the identities of the Doe defendants.

## III.  CONCLUSION

The court **GRANTS** plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $344.92 balance of the filing fee by collecting monthly

9

payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this case.

The court **DISMISSES** the following defendants: Waupun Correctional Institution, William Pollard, Jessie J. Schneider and Belinda Schrubbe.

The court **ALLOWS** the plaintiff to proceed on his Eighth Amendment deliberate indifference claims against all of the remaining defendants.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the court will send electronic copies of plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Kyle K. Tritt, Michael J. Vanderbush, Lindsey Jansen, Timothy Baumann, and Anne Slinger.

The court **ORDERS** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants who are served shall file a responsive pleading to the complaint within **sixty (60) days** of receiving electronic notice of this order.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional

Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if at any point the plaintiff is no longer incarcerated at one of those institutions, he should submit all correspondence and legal material to:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

The court further advises plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send copies of this order to the warden of the institution where the inmate is confined.

Dated at Milwaukee this 10th day of July, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge