# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DE'VON L. WALKER**,

                Plaintiff,

v.                               **Case No. 14-cv-1504-pp**

**KYLE K. TRITT, MICHAEL J. VANDERBUSH,
LINDSEY JANSEN, TIMOTHY J. BAUMANN,
ANNE SLINGER, JOHN DOE 1,
JOHN DOE 2, and JOHN DOE 3,**

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO ADD PARTIES (DKT. NO. 22), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 22), DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 25), AND DENYING THE PLAINTIFF'S MOTION FOR DISCOVERY (DKT. NO. 26)**

      The plaintiff, De'Von Walker, is proceeding pro se on Eighth Amendment claims against the defendants. On November 10, 2015, the court entered an order granting the plaintiff's motion for extension of time, denying without prejudice the plaintiff's motion to appoint counsel, and setting new deadlines for the amendment of pleadings, the close of discovery, dispositive motions. Dkt. No. 20. The plaintiff subsequently filed a motion which the clerk's office docketed as a motion to amend pleadings and join parties and as a motion for reconsideration. Dkt. No. 22. The plaintiff also has filed a second motion to appoint counsel. Dkt. No. 25.

      The plaintiff's motion first motion actually is not a motion to amend the pleadings; rather, it is a request to substitute as parties the individuals

originally identified as John Does. The court will grant the plaintiff's motion to adjoin parties and substitute Greg Strunz for John Doe 1 and Brian Schmidt for John Doe 3.

The plaintiff indicates that despite his "tireless effort" and without assistance from the defendants, he has been unable to identify John Doe 2. Dkt. No. 22 at 2. The plaintiff asks the court to leave John Doe 2 as a defendant until fifteen days after he receives responses to his discovery requests. The defendants oppose this motion, and suggest that the plaintiff has already had enough time to identify John Doe 2 (including a sixty-day extension—see Dkt. No. 20). Dkt. No. 23. They argue that despite the extension, the plaintiff did not serve any discovery requests until December 2015, the responses to which were not due until January 14, 2016. The court understands the defendants' concerns, but believes the plaintiff should have another opportunity to identify John Doe 2 after he had the opportunity to review the defendants' discovery responses. The court will set a deadline of **Friday, March 4, 2016**, for the plaintiff to identify John Doe 2. If the plaintiff is unable to identify John Doe 2 by that date, the court may dismiss John Doe 2 as a defendant.

Next, the plaintiff asks the court to reconsider the dismissal of defendant Belinda Schrubbe (see the court's screening order at Dkt. No. 12). As an initial matter, the court notes that the plaintiff did not present this request in a

proper motion to amend the complaint under Federal Rule of Civil Procedure 15 and Civil Local Rule 15.

The plaintiff says he did not know the full extent of Schrubbe's professional responsibilities when he filed his complaint. The plaintiff now believes that Schrubbe had the opportunity to prevent injury to the plaintiff because: (1) the plaintiff returned from an outside medical provider with a written recommendation that he not be on a top bunk; (2) the plaintiff subsequently fell off his top bunk; and (3) Schrubbe was a member of the institution's Special Need Committee. The plaintiff says "there is no way" that Schrubbe was oblivious in professional capacity to the plaintiff's medical needs. Dkt. No. 22 at 4.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that under Federal Rule of Civil Procedure 54(b), any non-final decision or order is subject to revision at any time before the entry of judgment, such revisions are discouraged. A court has the power to revisit its own prior, "although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus.

Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

The plaintiff's re-characterization of his claim against Schrubbe is not newly discovered evidence (despite the plaintiff's argument that he didn't realize at the time he filed his complaint that Schrubbe was on the Special Needs committee), and does not render the court's dismissal of her at screening a manifest injustice.

To the extent the plaintiff seeks to add additional facts or claims against her, he still does not allege personal involvement by Schrubbe, or assert how she knew about his serious medical needs and was deliberately indifferent. Instead, he concludes that she must have had the information and therefore could have taken action.

Finally, the plaintiff asks that the other two members of the institution's Special Needs Committee, Brian Greff and N. Kamphius, be added as defendants in this action. Once again, the plaintiff did not make this request in a proper motion to amend the complaint. Even if he had, the plaintiff does not allege any personal involvement by these defendants; he argues nothing more than that they were members of the Special Needs Committee. It is not clear to the court how that fact makes Greff and Kamphius responsible for what happened to the plaintiff.

4

On January 19, 2016, the plaintiff filed a second motion asking the court to appoint legal counsel to represent him. Dkt. No. 25. In his cover letter, the plaintiff references an appendix to the United State Court of Appeals for the Eleventh Circuit, and the guidelines of 18 U.S.C. §3006A, which deals with adequate representation of defendants in criminal cases. The district court for the Eastern District if Wisconsin is in the Seventh Circuit, not the Eleventh; any procedural documents that govern practice in the Eleventh Circuit (which covers appeals from district courts in Florida, Alabama and Georgia) apply only to cases in that circuit. Further, 18 U.S.C. §3006A does not apply to civil cases; it is a criminal statute.

This court does not appoint counsel in civil cases, but it does have the discretion to recruit a *pro bono* lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). The court denied the plaintiff's first motion to appoint counsel because he had not made the threshold showing that he had made a reasonable attempt to hire counsel on his own. Dkt. No. 20. Despite his continued misunderstanding about counsel in criminal versus civil cases, the plaintiff now has made the required showing. See Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).

After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present

5

it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff argues that he knows "next to zero about law" and that he is in over his head. Dkt. No. 25 at 2. He also represents that the defendants' attorney is using "tricks that he has at his disposal in attempts to discourage and at times stop" the plaintiff from discovering relevant information. Id. The plaintiff submits that he is unfamiliar with courtroom practice and that the appointment of counsel would help all parties involved in the proceedings.

The plaintiff has ably litigated this case so far, and has shown sophistication in his ability to argue the facts and legal issues. At this stage, the plaintiff's next task likely will be to respond to the defendants' motion for summary judgment. With their motion, the defendants will serve the plaintiff with all of the applicable rules that describe how he should respond to the motion. The most important thing for the plaintiff to keep in mind is that he must support his arguments and factual allegations with admissible evidence. Much of that evidence may be based on the plaintiff's own personal knowledge, which he can present to the court in a notarized affidavit or a sworn declaration that uses the language found in 28 U.S.C. § 1746. Ultimately, the court concludes that the plaintiff is competent to litigate this case and will deny the plaintiff's motion without prejudice.

Finally, the court notes that on January 25, 2016, the plaintiff filed a "Motion for Discovery/Plaintiff's Request for Production of Documents." Dkt. No. 26. The court notes that the deadline for parties to complete discovery has not expired. The court also notes that parties serve their discovery demands on *each other*; they are not to file them with the court.

The defendants are aware, based on the plaintiff's January 25 filing, that the plaintiff wants the documents he lists there. The court will not order them to produce those documents when there is plenty of time left for the defendants to produce them before the discovery deadline, and when the court has no evidence that the defendants have refused to produce them before now. The court will deny the plaintiff's motion for discovery.

The court **GRANTS** the plaintiff's motion to substitute parties. Dkt. No. 22. The court **ORDERS** that the clerk of court shall substitute Greg Strunz for John Doe 1 and Brian Schmidt for John Doe 3, and shall update the docket accordingly.

The court also **ORDERS** that the plaintiff may identify John Doe 2 on or before **Friday, March 4, 2016**. If the plaintiff is unable to identify John Doe 2 by that date, the court may dismiss John Doe 2 as a defendant.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 22.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 25.

The court **DENIES** the plaintiff's motion for discovery. Dkt. No. 26.

Dated in Milwaukee, Wisconsin this 10th day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge