UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DE'VON L. WALKER**,

            Plaintiff,

v.                                              **Case No. 14-cv-1504-pp**

**KYLE K. TRITT,**
**MICHAEL VANDERBUSH,**
**LINDSEY JANSEN,**
**TIMOTHY J. BAUMANN,**
**JESSE JONES,**
**ANNE SLINGER,**
**GREG STRUNZ, and**
**BRIAN SCHMIDT,**

            Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ADMISSIONS (DKT. NO. 35), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 37), DENYING PLAINTIFF'S MOTION TO AMEND PLEADINGS BEFORE TRIAL (DKT. NO. 56), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 58), AND DIRECTING THE PLAINTIFF TO FILE HIS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON OR BEFORE MONDAY, AUGUST 15, 2016**

---

       The plaintiff, De'Von Walker, is proceeding *pro se* on Eighth Amendment claims against the defendants. The plaintiff has filed a motion for admissions, Dkt. No. 35; a motion to compel discovery, Dkt. No. 37; a motion to amend/correct the complaint, Dkt. No. 56; and a motion for extension of time to file his response to the defendants' summary judgment motion, Dkt. No. 58. (The defendants filed a motion for summary judgment on May 6, 2016;

1

pursuant to the original scheduling order the court issues on September 4, 2015, this would have made the plaintiff's response due on June 5, 2016.)

**I.     Plaintiff's Motion for Admissions (Dkt. No. 35)**

On March 11, 2016, the court received from the plaintiff a document entitled "Motion for the request for admission." Dkt. No. 35. This document is really a set of requests for admissions pursuant to Federal Rule of Civil Procedure 36. The defendants wrote a letter to the plaintiff and indicated that they would not be answering these requests for admission because they were untimely and the responses would not be due until over a week after the discovery deadline. Dkt. No. 36. The defendants filed a copy of this letter with the court.

Generally, parties exchange discovery with each other without the involvement of the court. A party may bring a motion seeking to compel discovery only if another party fails to respond to discovery requests. See Fed. R. Civ. P. 37(a). A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery or discovery in an effort to obtain it without court action." Id.; Civil L.R. 37 (E.D. Wis.). The plaintiff's motion actually constitutes his requests for admission—discovery requests directed to the defendants. The plaintiff has provided no proof that the defendants have not made a good-faith effort to respond to those requests, and he did not attach a certification showing that he attempted to meet and confer with counsel for the

2

defendants before seeking the court's intervention. The court will deny the plaintiff's motion.

The court also notes that the defendants are correct that the requests for admission were untimely. The deadline the court set for completing discovery was April 4, 2016, and the defendants received the requests for admission on March 11, 2016. Fed. R. Civ. P. 26(a)(3) gives an opposing party thirty (30) days to respond to a request for admission; thirty days from March 11, 2016 would have been April 10, 2016—*after* the deadline for completing all discovery. The plaintiff served his requests for admission too late.

## II.     Plaintiff's Motion to Compel (Dkt. No. 37)

The plaintiff filed a motion to compel on April 7, 2016. Dkt. No. 37. The plaintiff asks the court to compel the defendants to supplement their responses because the defendants objected to and/or only partially answered a number of his discovery requests. Id. at 1. In his motion, the plaintiff acknowledges that Federal Rule of Civil Procedure 37(a)(1) requires parties to confer in good faith in an effort to resolve a discovery dispute before bringing a motion. Id. He attaches the defendants' responses to his discovery requests as that certification. Id. The plaintiff misunderstands the process. A good faith effort to resolve a discovery dispute means that, after the responding party has objected or provided its response, the requesting party—the plaintiff—reaches out to the defendant and talks with the defendant about whether there is any way to resolve the objections or disagreements they have over the responses. The

3

defendants' response to the plaintiff's request aren't an attempt to meet and confer—they are the defendants' responses. Providing a copy of those responses does not demonstrate, as required by Rule 37(a)(1) or Civil Local Rule 37 (E.D. Wis.), that after receiving them, the plaintiff attempted to contact counsel for the defendants to try to discuss his concerns with the responses. The court is aware that, because the plaintiff is incarcerated, he cannot necessarily call or e-mail opposing counsel to have such a discussion. But he can write to counsel for the defendants, and he has provided no certification that he did so. Accordingly, the court will deny the plaintiff's motion to compel.

### III. Plaintiff's Motion to Amend Pleadings Before Trial (Dkt. No. 56)

On May 27, 2016, after receiving the defendants' motion for summary judgment, the plaintiff filed a motion to amend the pleadings before trial. Dkt. No. 56.

The plaintiff seeks to amend his complaint to add Mark Jensen, a nurse clinician 2 at Waupun, as a defendant. Id. at 1. The plaintiff states that he recently found out that Jensen did not transcribe the entire recommendation from UW Hospital; he left out the no bottom bunk recommendation. Id. at 3-4. The plaintiff believes Jensen should be "held accountable, for not following and transcribing the fully entirety of Dr. Lotz's prescribed order's and recommendations once the plaintiff did return from the offsite healthcare provider on the date of January 3, 2014." Id. at 4. The plaintiff suggests that the defendants have admitted that Jensen was deliberately indifferent and

4

violated the plaintiff's Eight Amendment rights because he did not follow proper protocol and procedure, which—according to the plaintiff—is to transcribe the entire recommendation from an outside physician.

The court first notes that the plaintiff's motion does not comply with Civil Local Rule 15 (E.D. Wis.), which requires that a proposed amended pleading must be filed as an attachment to the a motion to amend. The plaintiff provided no proposed amended complaint containing all of his claims against all of the defendants.

Second, it is too late for the plaintiff to amend his complaint. The court gave the plaintiff ample time (and many extensions) to identify the parties he originally named as John Does. The court already has extended the deadline for amending pleadings in this case from November 6, 2015 to January 6, 2016 to March 4, 2016—a four-month extension. Dkt. Nos. 16, 20, 27. Yet the plaintiff did not file this motion to amend until May 27, 2016, two and a half months *after* the last deadline, and almost a month after the defendants filed their motion for summary judgment.

The plaintiff argues that he had trouble reviewing his medical records and that he has had only one thirty minute period of review in six months. The defendants respond, however, that the plaintiff has not shown good cause as to why he did not timely file a motion to amend his complaint. They present evidence that the plaintiff was allowed to review his medical records on January 11, 2016, May 5, 2016, and May 31, 2016 (though the last session

5

was after he filed this motion). Dkt. No. 60 (declaration of Emily Stadtmueller). That evidence also indicates that the plaintiff refused an opportunity to review his medical chart on February 29, 2016, id. at 2, though the plaintiff submits that it was not his choice to miss that appointment, Dkt. No. 62 at 2. Despite this specific argument regarding review of his medical records, the plaintiff had ample time to complete discovery and amend his complaint, including multiple extensions from the court.

The defendants also submit that they provided the general information regarding the bottom bunk restriction not being in the medical records when Belinda Schrubbe said the Health Services Unit did not see a bottom bunk restriction. Dkt. No. 59 at 3.

The court further notes that the plaintiff's allegations regarding Jensen do not suggest deliberate indifference. Even if Jensen violated a policy or procedure when he failed to transcribe the entire recommendation, that does not mean that there was a constitutional violation. "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" Arnett v. Webster, 658 F.3d 742, 759 (7th Cir. 2011) (quoting Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 [7th Cir. 1998]).

For all of these reasons, for the court to allow the plaintiff to amend his pleadings at this stage, when the defendants already have filed a motion for summary judgment, would unduly prejudice the defendants. The court will deny this motion.

## IV. Plaintiff's Motion for Extension of Time (Dkt. No. 58)

Finally, the plaintiff filed a motion for extension of time to respond to the defendants' motion for summary judgment. Dkt. No. 58. He seeks an additional thirty days beyond June 6, 2016 (and, given the time it has taken the court to rule on these motions, he already has had more than that thirty days). As grounds for this request, the plaintiff argues that he did not receive the motion until May 10, 2016.

The court first notes that the plaintiff's time to respond did not start to run until the date he received the motion, not the date the defendants filed it with the court.

Additionally, the plaintiff argues that he is at the mercy of Waupun's scheduling and has (1) a contentious situation regarding reviewing his medical records; and (2) only nine hours a week in the legal library to study, research, and word process when there are no cancellations or staff shortages, which he argues was happening at the time he filed the motion. He also argues that there are some passes that take precedence over legal deadline passes, and that the plaintiff had a few of those in the month prior to the date he filed the motion.

The court finds that the plaintiff has established good cause for an extension of time. The court will grant the plaintiff's motion, and will direct him to respond on or before Monday, August 15, 2016.

7

The court **DENIES** the plaintiff's motion for admissions. Dkt. No. 35. The court also **DENIES** the plaintiff's motion to compel. Dkt. No. 37.

The court **DENIES** the plaintiff's motion to amend pleadings before trial. Dkt. No. 56.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 58. The court **ORDERS** that the plaintiff shall file his response to the defendants' motion for summary judgment on or before **Monday, August 15, 2016**.

Dated in Milwaukee, Wisconsin this 20th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

8

Case 2:14-cv-01504-PP   Filed 07/20/16   Page 8 of 8   Document 63